## UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5259**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICARDO MENDEZ-VALDEZ, a/k/a Diego,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:06-cr-00009-RLV-DCK-1)

Submitted: July 26, 2010          Decided: September 14, 2010

Before MOTZ and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Denzil H. Forrester, Charlotte, North Carolina, for Appellant. Edward R. Ryan, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricardo Mendez-Valdez appeals his conviction and sentence of 235 months' imprisonment for one count of conspiracy to possess with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and (C) (2006), one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and possession with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(C). For the reasons that follow, we affirm.

Mendez-Valdez first alleges error in the district court's denial of his motion to withdraw his guilty plea. He claims that he believed he was agreeing to a plea bargain, and not simply pleading guilty. We review for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).

During the colloquy performed during his plea hearing pursuant to Fed. R. Crim. P. 11, the district court repeatedly asked Mendez-Valdez (through a translator) whether he understood that he was not entering a plea bargain with the Government, and Mendez-Valdez repeatedly answered in the affirmative. Mendez-Valdez's claim that he did not receive his change of plea notice in his native Spanish is of no moment. Even if he did not receive a written translation, his attorney translated the

2

document orally, and the district court meticulously ensured that he understood it prior to his entry of a plea. We thus find no abuse of discretion.

Next, Mendez-Valdez argues that the district court improperly adopted a finding in his presentence report ("PSR") that he was a manager in a drug conspiracy and subjected him to a two-point enhancement for his role. We review for clear error. United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002). After reviewing the record and the factors for a manager/director enhancement found in U.S. Sentencing Guidelines Manual § 3B1.1, cmt. n.4 (2009), we find that the district court did not clearly err in enhancing Mendez-Valdez's sentence.

Finally, Mendez-Valdez alleges error in the district court's attribution of 19,820.19 grams of methamphetamine and 1031.89 grams of cocaine to him. Again, we review for clear error. United States v. Kellam, 568 F.3d 125, 147 (4th Cir. 2009). We have reviewed the record, and find no error. The district court's conclusion was based on the PSR, which was in turn based on evidence that would have been offered at trial by cooperating witnesses. These witnesses would have testified as to discrete transactions involving drugs that, when their amounts are combined, reach the quantities listed above. Thus, there is no showing of clear error.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED